Romaine C. Marshall  (9564)
Engels J. Tejeda (11427)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
rcmarshall@hollandhart.com
ejtejeda@hollandhart.com

*Attorneys for Defendant ViaWest, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FILESENSE, INC., a Delaware Corporation, | **ANSWER** |
| Plaintiff, | |
| v. | Case No. 2:15-cv-00096-TS |
| | Honorable Ted Stewart |
| VIAWEST, INC., a Colorado Corporation, | |
| Defendant. | |

Defendant ViaWest, Inc. ("Defendant"), responds to the Complaint filed by FileSense,

Inc. ("FileSense" or "Plaintiff") as follows:

### FIRST DEFENSE

Plaintiff failed to state a claim for which relief may be granted.

### SECOND DEFENSE

In response to the individual paragraphs of the Complaint, Defendant responds and

answers as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      Responding to Paragraph 1 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331, 1332, 1376, 1441 and 1446.

2.      Responding to Paragraph 2 of the Complaint, Defendant admits that this Court is the proper venue.

3.      Defendant admits the allegations of Paragraph 3 of the Complaint

4.      Defendant admits the allegations of Paragraph 4 of the Complaint.

## RESPONSE TO GENERAL ALLEGATIONS

5.      Defendant admits the allegations of Paragraph 5 of the Complaint.

6.      Defendant admits the allegations of Paragraph 6 of the Complaint.

7.      Responding to Paragraph 7 of the Complaint, Defendant admits that it entered into that certain Master Service Agreement (the "MSA"), dated March 12, 2014, with Plaintiff, which speaks for itself.  To the extent the allegations of Paragraph 7 are inconsistent with the MSA, Defendant denies the same.

8.      Responding to Paragraph 8 of the Complaint, Defendant admits that it entered into the MSA with Plaintiff, which speaks for itself.  To the extent the allegations of  Paragraph 8 are inconsistent with the MSA, Defendant denies the same.

9.      Responding to Paragraph 9 of the Complaint, Defendant admits that on November 22, 2014, its Delong data center experienced a power outage as described in that certain Incident Report Notification, which is attached as Exhibit A to the Complaint.  To the extent the

2

allegations of Paragraph 9 are inconsistent with the Incident Report Notification, Defendant denies the same.

10. Responding to Paragraph 10 of the Complaint, Defendant admits that its automatic notification system notified certain Via customers of the power outage. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 10 and therefore denies the same.

11. Defendant lacks sufficient information to respond to the allegations of Paragraph 11 of the Complaint and therefore denies the same.

12. Responding to Paragraph 12 of the Complaint, Defendant admits that Ronnie Sheppick called its customer support center on November 23, 2014 and instructed Defendant's technician to power cycle FileSense's Dell R620 device. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 12 and therefore denies the same.

13. Responding to Paragraph 13 of the Complaint, Defendant admits that during one of the telephone calls between Sheppick and Defendant's technician, Sheppick instructed the technician to hook up a monitor to a Dell R620 device and to tell Sheppick what appeared on the monitor.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. Responding to Paragraph 15 of the Complaint, Defendant admits that its technician called Sheppick back and that he hooked up the monitor to one Dell R620 device. Defendant denies all other allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16 of the Complaint, including the conjecture that Defendant's technician had turned on any of FileSense's hardware seven times.

3

17.    Defendant lacks sufficient information to respond to the allegations of Paragraph 17 of the Complaint and therefore denies the same.

18.    Defendant denies the allegations of Paragraph 18 of the Complaint.

19.    Responding to Paragraph 19 of the Complaint, Defendant denies that it "ruined" any of FileSense' s hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 19 and therefore denies the same.

20.    Responding to Paragraph 20 of the Complaint, Defendant denies that it "ruined" any of FileSense's hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 20 and therefore denies the same.

21.    Responding to Paragraph 21 of the Complaint, Defendant denies that it "ruined" any of FileSense's hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 21 and therefore denies the same.

22.    Responding to Paragraph 22 of the Complaint, Defendant denies that it "ruined" any of FileSense's hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 22 and therefore denies the same.

23.    Responding to Paragraph 23 of the Complaint, Defendant denies that it "ruined" any of FileSense's hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 23 and therefore denies the same.

24.    Responding to Paragraph 24 of the Complaint, Defendant denies that it "ruined" any of FileSense's hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 24 and therefore denies the same.

25. Responding to Paragraph 25 of the Complaint, Defendant denies that it "ruined" any of FileSense's hardware. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 25 and therefore denies the same.

26. Responding to Paragraph 26 of the Complaint, Defendant denies that it "ruined" any of FileSense's hardware. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 26 and therefore denies the same.

27. Defendant lacks sufficient information to respond to the allegations of Paragraph 27 of the Complaint and therefore denies the same.

28. Defendant lacks sufficient information to respond to the allegations of Paragraph 28 of the Complaint and therefore denies the same.

29. Defendant lacks sufficient information to respond to the allegations of Paragraph 29 of the Complaint and therefore denies the same.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Responding to Paragraph 31 of the Complaint, Defendant denies that its technician or loss of power to the Delong center caused any loss of data to FileSense. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 31 and therefore denies the same.

32. Defendant lacks sufficient information to respond to the allegations of Paragraph 32 of the Complaint and therefore denies the same.

33. Defendant lacks sufficient information to respond to the allegations of Paragraph 33 of the Complaint and therefore denies the same.

34. Defendant lacks sufficient information to respond to the allegations of Paragraph 34 of the Complaint and therefore denies the same.

35. Responding to Paragraph 35 of the Complaint, Defendant denies that its technician or loss of power to the Delong center caused any loss of data to FileSense. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 35 and therefore denies the same.

36. Defendant lacks sufficient information to respond to the allegations of Paragraph 36 of the Complaint and therefore denies the same.

37. Defendant lacks sufficient information to respond to the allegations of Paragraph 37 of the Complaint and therefore denies the same.

38. Defendant lacks sufficient information to respond to the allegations of Paragraph 38 of the Complaint and therefore denies the same.

39. Responding to Paragraph 39 of the Complaint, Defendant denies that its technician or loss of power to the Delong center caused any loss of data to FileSense. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 39 and therefore denies the same.

40. Defendant lacks sufficient information to respond to the allegations of Paragraph 40 of the Complaint and therefore denies the same.

41. Defendant lacks sufficient information to respond to the allegations of Paragraph 41 of the Complaint and therefore denies the same.

42. Defendant lacks sufficient information to respond to the allegations of Paragraph 42 of the Complaint and therefore denies the same.

43.    Defendant lacks sufficient information to respond to the allegations of Paragraph 43 of the Complaint and therefore denies the same.

44.    Responding to Paragraph 44 of the Complaint, Defendant denies that its technician or loss of power to the Delong center caused any loss of data to FileSense.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 44 and therefore denies the same.

45.    Defendant lacks sufficient information to respond to the allegations of Paragraph 45 of the Complaint and therefore denies the same.

46.    Defendant lacks sufficient information to respond to the allegations of Paragraph 46 of the Complaint and therefore denies the same.

47.    Defendant lacks sufficient information to respond to the allegations of Paragraph 47 of the Complaint and therefore denies the same.

48.    Defendant lacks sufficient information to respond to the allegations of Paragraph 48 of the Complaint and therefore denies the same.

49.    Responding to Paragraph 49 of the Complaint, Defendant denies that its technician or loss of power to the Delong center caused any loss of data to FileSense.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 49 and therefore denies the same.

50.    Defendant lacks sufficient information to respond to the allegations of Paragraph 50 of the Complaint and therefore denies the same.

51.    Defendant lacks sufficient information to respond to the allegations of Paragraph 51 of the Complaint and therefore denies the same.

7

52. Defendant lacks sufficient information to respond to the allegations of Paragraph 52 of the Complaint and therefore denies the same.

53. Defendant lacks sufficient information to respond to the allegations of Paragraph 53 of the Complaint and therefore denies the same.

54. Defendant lacks sufficient information to respond to the allegations of Paragraph 54 of the Complaint and therefore denies the same.

55. Defendant lacks sufficient information to respond to the allegations of Paragraph 55 of the Complaint and therefore denies the same.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant lacks sufficient information to respond to the allegations of Paragraph 57 of the Complaint and therefore denies the same.

58. Defendant lacks sufficient information to respond to the allegations of Paragraph 58 of the Complaint and therefore denies the same.

59. Responding to Paragraph 59 of the Complaint, Defendant denies that it caused any data loss to FileSense.  The remaining allegations of Paragraph 59 do not constitute allegations of facts, and therefore do not require a response.  To the extent the remaining allegations require a response, Defendant denies the same.


/// continues on the following page ///

## RESPONSE TO FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

60.     Defendant incorporates its responses in Paragraphs 1-59 of the Complaint.

61.     Responding to Paragraph 61 of the Complaint, Defendant admits that the parties entered into the MSA, which speaks for itself.  To the extent the allegations of Paragraph 61 are inconsistent with the MSA, Defendant denies the same.

62.     Responding to Paragraph 62 of the Complaint, Defendant admits that the parties entered into the MSA, which speaks for itself.  To the extent the allegations of Paragraph 62 are inconsistent with the MSA, Defendant denies the same.

63.     Responding to Paragraph 63 of the Complaint, Defendant admits that the parties entered into the MSA and related Order Forms, which speak for themselves.  To the extent the allegations of Paragraph 63 are inconsistent with the MSA, Defendant denies the same.

64.     Defendant admits the allegations of Paragraph 64 of the Complaint.

65.     Defendant denies the allegations of Paragraph 65 of the Complaint.

66.     Defendant denies the allegations of Paragraph 66 of the Complaint.

67.     Defendant denies the allegations of Paragraph 67 of the Complaint.

68.     Responding to Paragraph 68 of the Complaint, Defendant denies that it caused damage to any of FileSense's hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 68 and therefore denies the same.

69.     Responding to Paragraph 69 of the Complaint, Defendant denies that it caused any loss of data to FileSense.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 69 and therefore denies the same.

70.     Responding to Paragraph 70 of the Complaint, Defendant denies that it caused any loss to FileSense's data or hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 70 and therefore denies the same.

71.     Defendant denies the allegations of Paragraph 71 of the Complaint.

72.     Defendant denies the allegations of Paragraph 72 of the Complaint.

73.     Defendant denies the allegations of Paragraph 73 of the Complaint.

**RESPONSE TO SECOND CAUSE OF ACTION**
**(BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)**

74.     Defendant incorporates its responses in Paragraph 1-74 of the Complaint.

75.     Paragraph 75 does not consist of allegations of facts and therefore does not require a response.  To the extent that Paragraph 75 requires a response, Defendant denies the allegations contain therein.

76.     Defendant denies the allegations of Paragraph 76 of the Complaint.

77.     Defendant denies the allegations of Paragraph 77 of the Complaint.

**RESPONSE TO THIRD CAUSE OF ACTION**
**(NEGLIGENCE)**

78.     Defendant incorporates its responses in Paragraph 1-78 of the Complaint.

79.     Paragraph 79 does not consist of allegations of facts and therefore does not require a response.  To the extent that Paragraph 79 requires a response, Defendant denies the allegations contain therein.

80.     Responding to Paragraph 80 of the Complaint, Defendant admits that the parties entered into the MSA, which speaks for itself.  To the extent the allegations of Paragraph 80 are inconsistent with the MSA, Defendant denies the same.

10

81.     Responding to Paragraph 81 of the Complaint, Defendant admits that the parties entered into the MSA, which speaks for itself.  To the extent the allegations of Paragraph 81 are inconsistent with the MSA, Defendant denies the same.

82.     Responding to Paragraph 82 of the Complaint, Defendant admits that the parties entered into the MSA, which speaks for itself.  To the extent the allegations of Paragraph 82 are inconsistent with the MSA, Defendant denies the same.

83.     Responding to Paragraph 83 of the Complaint, Defendant admits that the parties entered into the MSA, which speaks for itself.  To the extent the allegations of Paragraph 83 are inconsistent with the MSA, Defendant denies the same.

84.     Defendant denies the allegations of Paragraph 84 of the Complaint.

85.     Defendant denies the allegations of Paragraph 85 of the Complaint.

86.     Responding to Paragraph 86 of the Complaint, Defendant denies that it caused damage to any of FileSense's hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 86 and therefore denies the same.

87.     Responding to Paragraph 87 of the Complaint, Defendant denies that it caused any loss of data to FileSense. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 87 and therefore denies the same.

88.     Responding to Paragraph 88 of the Complaint, Defendant denies that it caused any loss to FileSense's data or hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 88 and therefore denies the same.

89.     Defendant denies the allegations of Paragraph 89 of the Complaint.

90.     Defendant denies the allegations of Paragraph 90 of the Complaint.

11

91.     Defendant denies the allegations of Paragraph 91 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION
## (GROSS NEGLIGENCE)

92.     Defendant incorporates its responses in Paragraph 1-92 of the Complaint.

93.     Defendant denies the allegations of Paragraph 93 of the Complaint.

94.     Responding to Paragraph 94 of the Complaint, Defendant denies that its employee turned "hardware such as FileSense's off and on seven times." Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 94 and therefore denies the same.

95.     Responding to Paragraph 95 of the Complaint, Defendant denies that its employee turned off and on any storage device multiple times except as instructed by FileSense's representative. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 95 and therefore denies the same.

96.     Responding to Paragraph 96 of the Complaint, Defendant denies the conjecture that its employee turned off and on FileSense's hardware seven times. The remaining allegations of Paragraph 96 do not consist of a statement of fact and therefore do not require a response. To the extent the remaining allegations of Paragraph 96 require a response, Defendant denies the same.

97.     Defendant denies the allegations of Paragraph 97 of the Complaint.

98.     Responding to Paragraph 98 of the Complaint, Defendant denies that it caused damage to any of FileSense's hardware. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 98 and therefore denies the same.

12

99.     Responding to Paragraph 99 of the Complaint, Defendant denies that it caused any loss of data to FileSense.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 99 and therefore denies the same.

100.    Responding to Paragraph 100 of the Complaint, Defendant denies that it caused any loss to FileSense's data or hardware.  Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 100 and therefore denies the same.

101.    Defendant denies the allegations of Paragraph 101 of the Complaint.

102.    Defendant denies the allegations of Paragraph 102 of the Complaint.

103.    Defendant denies the allegations of Paragraph 103 of the Complaint.

**THIRD DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of risk.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the doctrine of contributory negligence and/or comparative fault.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and release.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the statute of frauds.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

13

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of failure of consideration.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of failure to mitigate its damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the comparative fault of a phantom party.

## RESERVATION OF ADDITIONAL DEFENSES

Facts may come to light supporting additional defenses and therefore, Defendant reserves the right to raise such other defenses including, but not limited to, any matter considered an affirmative defense under Federal Rule of Civil Procedure Rule 8.

## COUNTER PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff take nothing by way of his Complaint;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.      That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint, including claims for attorneys' fees and costs;

4.      That Defendant be awarded its fees and costs, including reasonable attorneys' fees and expert fees, incurred in defense of this action as allowed by law; and

5.      That the Court grant such other and further relief as it may deem just and proper.

14

Dated February 17, 2015

HOLLAND & HART LLP


/s/ Romaine C. Marshall

Romaine C. Marshall
Engels J. Tejeda

15

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2015, I caused a copy of the foregoing to be served

upon the following by electronic and first class mail, U.S. postage prepaid:

Tyler Jensen
Dallin T. Morrow
LEBARON & JENSEN, P.C.
476 West Heritgate Park Blvd., Ste 230
Layton, Utah 84041
tylerjensen@lebaronjensen.com
dmorrow@lebaronjensen.com


By: <u>Engels Tejeda</u>

7530834_1

16